UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                       Case No. 23-50442

HEATHER ADKINS,                            Chapter 7

              Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION FOR REINSTATEMENT**

This case is before the Court on the Debtor's motion entitled "Ex-Parte Motion to Reinstate Case," filed on January 13, 2024 (Docket # 39, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's January 12, 2024 Order dismissing this case (Docket # 38). The Court will deny the Motion, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing this case.

Third, the Motion indicates that the Debtor's attorney and his staff are at least partially at fault for the Debtor's failure to timely pay the filing fee for this case by the January 11, 2024 deadline set by the Court. (*See* Mot. at ¶ 5). But any neglect or mistake by the Debtor's attorney must be deemed attributable to the Debtor, for purposes of determining whether there was excusable neglect or mistake. *See, e.g., In re West*, 637 B.R. 125, 127 (Bankr. E.D. Mich. 2022); *In re Peek*, 614 B.R. 274, 276 (Bankr. E.D. Mich. 2020) (citation omitted). In this case, the type of neglect or mistake by the Debtor's attorney alleged in the Motion is not "excusable." *See, e.g., West,* 637 B.R. at 127 (citations omitted); *Peek*, 614 B.R. at 276-77 (citations omitted); *In re Faulkner*, 605 B.R. 460, 462-63 (Bankr. E.D. Mich. 2019), *aff'd.*, No. 19-12803, 2020 WL 1672660 (E.D. Mich. April 6, 2020).

Fourth, now that the Debtor has paid the overdue filing fee for this case (albeit only after this case was dismissed), the Debtor is no longer barred from filing a new bankruptcy case.

Fifth, contrary to the Debtor's argument in the Motion, there was no error in this Court's Order entered on December 28, 2023 (Docket # 34). That Order denied the Debtor's application to pay the filing fee in installments, because the Debtor's counsel had "failed to submit a proposed order within 14 days after the petition was filed." The Motion alleges that on

December 14, 2023, "the Debtor's counsel uploaded a proposed order granting the Application." (Mot. at ¶ 3). But that proposed order was rejected, in an email from Court staff to the Debtor's counsel on December 27, 2023, stating that the proposed order was deficient and could not be processed. A copy of the message to the Debtor's counsel is attached to this Order.

Sixth, even if the Court's December 28, 2023 Order had been erroneous, the Debtor still was bound to follow that Order, rather than disregard it or overlook it. Under that Order, the Debtor was required to pay the filing fee in full no later than January 11, 2024. The Debtor failed to do that.

Seventh, the Debtor is incorrect in arguing that the Court was required, by Fed. R. Bankr. P. 1017(b)(1), to hold a hearing before dismissing this case. The Debtor's counsel has made this argument to the Court before, in similar circumstances in a prior case, and the Court rejected the argument. *See West,* 637 B.R. at 128-29. The Court also must reject the Debtor's argument in this case. Under the circumstances here, neither Fed. R. Bankr. P. 1017(b)(1) nor any other rule or Bankruptcy Code provision required a hearing before dismissal.

(a) First, Rule 1017(b)(1) does not apply when the Court has not entered an order allowing the Debtor to pay the filing fee in installments. In this case, the Court did not enter such an order. Rule 1017(b)(1) states that "[i]f any installment of the filing fee has not been paid, the court may, after a hearing on notice to the debtor and the trustee, dismiss the case." Under Fed. R. Bankr. P. 1006(b)(2), the Court has discretion to grant or deny an application to pay the filing fee in installments. Under that rule, "[p]rior to the meeting of creditors, the court may order the filing fee paid to the clerk or grant leave to pay in installments . . . ." In this case, the Court did not grant the Debtor's application to pay the filing fee in installments. Rather, the Court expressly denied that application in the December 28, 2023 Order, and ordered the Debtor to pay the filing fee in full no later than January 11, 2024. So there was no "installment" of the filing fee that the Debtor failed to pay, within the meaning of Rule 1017(b)(1), and that rule does not apply here.

(b) Second, the Debtor's Motion does not identify any other rule, or any provision in the Bankruptcy Code, that required the Court to hold a hearing before dismissing this case as it did.

(c) Third, this case was dismissed because the Debtor failed to comply with an order of this Court (the Order entered on December 28, 2023 at Docket # 34), which required the Debtor to pay her . . . filing fee "in full on or before Thursday, January 11, 2024," and which clearly stated [in bold and italics] that if the Debtor failed to do so, it "***may result in the entry of an order dismissing this case, without further notice or hearing.***" (Bold and italics in original). The Court had authority, both to enter this Order, and then later to enforce this Order, under 11 U.S.C. § 105(a). That Bankruptcy Code section states:

> **The court may issue any order**, process, or judgment **that is necessary or appropriate to carry out the provisions of this**

2

> **title**. No provision of this title providing for the raising of an issue
> by a party in interest shall be construed to preclude the court from,
> **sua sponte, taking any action or making any determination
> necessary or appropriate to enforce or implement court orders
> or rules, or to prevent an abuse of process.**

11 U.S.C. § 105(a) (emphasis added). Under § 105(a), the Court's entry of the December 28, 2023 Order, and the later order enforcing that Order by dismissing this case, were actions "necessary or appropriate to enforce or implement court orders or rules."[1]

Where as here, no substantive issues needed to be determined; the dismissal was the result of a narrow procedural issue; and the Court gave the Debtor adequate notice of the requirements to be met, the deficiency that had to be cured, and what may happen (dismissal) if the deficiency was not cured, *sua sponte* dismissal under 11 U.S.C. § 105(a), without a hearing, was proper. *See, e.g.*, *Tenant v. Rojas* (*In re Tennant*), 318 B.R. 860, 869, 870–71 (B.A.P. 9th Cir. 2004) (discussing § 105(a) and the "flexible" definition of "after notice and a hearing" in 11 U.S.C. § 102(1)).

Under the circumstances of this case, the Court had discretion and authority to dismiss this case, as and when it did, and without holding a hearing first.

For the foregoing reasons,

IT IS ORDERED that the Motion (Docket # 39) is denied.

**Signed on January 18, 2024**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**

---

[1] Analogous support for this view of § 105(a) is found in the numerous cases holding that a bankruptcy court may dismiss a Chapter 11 case *sua sponte* if the Debtor fails to timely file a plan. *See In re Tax Shop, Inc.*, 173 B.R. 605, 607 n.3 (Bankr. E.D. Mich. 1994) ("The Court's authority to dismiss a Chapter 11 case *sua sponte* in appropriate circumstances is clear under 11 U.S.C. § 105(a), which grants bankruptcy judges the broad authority to take action 'necessary or appropriate ... to prevent an abuse of process.'"); *In re Nikron, Inc.,* 27 B.R. 773, 777 (Bankr. E.D. Mich. 1983) (holding that "a [bankruptcy] court has the sua sponte power to convert or dismiss a chapter 11 case") (relying on the court's "inherent power and duty to control its docket, to preserve its integrity, and to insure that the legislation administered by the court will accomplish the legislative purpose"); *In re Great American Pyramid Joint Venture,* 144 B.R. 780, 789 (Bankr. W.D. Tenn. 1992) ("[A] bankruptcy judge may, under section 105(a), as amended, convert or dismiss a case sua sponte even though section 1112(b) explicitly requires that the request be made by a party in interest.")

**Email History:**

| Time | Sender | Details |
|---|---|---|
| 12/27/2023 10:37:38am | MaryVozniak | **To:** lawclerk@sandweisslaw.com, ECFeastbankruptcy@sandweisslaw.com, stuart@sandweisslaw.com<br>**Subject:** Proposed Order: 23-50442 [4]<br>**Body:** The court heading and case information is missing from the proposed order submitted to chambers. Therefore, we cannot process this request at this time. |